[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
RULING ON MOTION FOR ORDERS RE:NET PROCEEDS
This motion is based on the fact that the former parties' at 127 Benz Street, Ansonia, has been sold, outstanding bills have been paid and net proceeds in the amount of $7474.84 remain, which the plaintiff has asked the court to distribute to the parties the circumstances require.
The court's Memorandum of Decision dated April 7, 1993 ruled "that the fault for the breakdown, whatever percentage is used, was greater by the defendant than the plaintiff." CT Page 5729
The court now finds specifically that the break down was caused 66% by the defendant and 33% by the plaintiff.
Based on these percentages, the plaintiff is entitled to 2/3 of the net proceeds of $7474.84 or $4983.22, and the defendant is entitled to 1/3 of the net proceeds or $2491.62.
The plaintiff filed a statement of "MONIES EXPENDED BY LUCILLE JACKO, PLAINTIFF, AS WELL AS MONIES DUE PLAINTIFF" with the court. The plaintiff claimed a total of $28,695.00 in this document. Of these items, the court finds there can be no question that she is entitled to the "CHILD SUPPORT ARREARAGE. TOTAL, $2100.00" and "FUNDS FORM MONEY MARKET FUND (PEOPLE'S BANK) MR. GREGORY JACKO ADMITTED THIS WAS MRS. JACKO'S MONEY IN COURT. TOTAL $5,100.00".
The sum of these two items was $2100 and $5100 equals $7200, which is far greater than the $2497.62 mentioned above. Consequently, this amount of $2497.62 must be awarded to the plaintiff in partial payment of her claims.
Therefore, it is ordered that the entire amount of net proceeds of the sale of the house be turned over to the plaintiff by the escrow holder of the funds.
The court retains jurisdiction of all matters in the case.
Thomas J. O'Sullivan Trial Referee